IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO., | ) |
| Plaintiff, | ) |
| v. | ) No. 12 C 03613 |
| DEIDRE CHRISTIAN, *et al.* | ) Judge John J. Tharp, Jr. |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Azlan Dameer, one of the defendants in this mortgage foreclosure action, moves to dismiss the complaint brought against him, as current owner of the subject property, and Deidre Christian, the mortgagor. Dameer contends that the plaintiff, Deutsche Bank National Trust Company, in its capacity as trustee of the real estate securitization trust that allegedly owns the mortgage, lacks standing to foreclose on the mortgage. For the reasons that follow, the motion to dismiss is denied.

## FACTS

With exceptions discussed later, in assessing a motion to dismiss for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must accept as true all well-pleaded factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). The facts are taken from the Amended Complaint (Dkt. # 5) and recited with this standard in mind.

On November 20, 2006, defendant Deidre Christian executed a mortgage for property at 8005 S. Euclid Avenue in Chicago. According to the mortgage, which is attached to complaint, New Century Mortgage Corporation was the lender, while Mortgage Electronic Registrations

Systems, Inc. ("MERS"), acting as nominee for New Century, was the mortgagee. On the same date, Christian executed an adjustable rate balloon note.

Christian's mortgage was securitized—sold to a third party that groups large amounts of debt for resale to investors. This was done by way of a Pooling and Servicing Agreement (PSA) in 2007. Christian later defaulted on the mortgage, failing to make payments from October 1, 2010, through the present. After the borrower's default, the mortgage was assigned by MERS, as nominee for New Century, to Deutsche Bank National Trust Company (DBNTC), as trustee for a securitization trust, Morgan Stanley ABS Capital I Inc. Trust 2007-NC2 Mortgage Pass-through Certificates, Series 2007-NC2 (the "trust"), pursuant to an Assignment of Mortgage, attached as Exhibit C to the Amended Complaint. DBNTC then filed this action to foreclose on the mortgage, alleging that it is "the legal holder of the indebtedness and the owner of the mortgage given as security therefore [sic]."

## DISCUSSION

Defendant Dameer—defendant Christian has never appeared—argues that DBNTC lacks standing to bring this action because it does not own the mortgage. Standing is a component of Article III's case-or-controversy requirement and is therefore an element of subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co*., 572 F.3d 440, 443 (7th Cir. 2009). Where, as here, there is a factual—not facial—challenge to jurisdiction, the Court looks beyond the jurisdictional allegations of the complaint and views whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. *Id*. at 444. Once there is evidence that calls standing into question, the presumption of correctness that is accorded to a complaint's allegations falls away, and the plaintiff bears the burden of coming forward with competent proof that standing exists. *See id*. at 444-45.

To have Article III standing, the plaintiff must have "a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *G & S Holdings LLC v. Continental Cas. Co.*, 697 F.3d 534, 540 (7th Cir. 2012) (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Here, the complaint's allegations are sufficient to establish Article III standing: there is a mortgage in default owing to the defendants' failure to make payments, and a judgment of foreclosure would remedy the default. *See HSBC USA, N.A. v. Hardman et al.*, No. 12 C 00481, 2013 WL 515432, at *2 (N.D. Ill. Feb. 12, 2013).

But even if constitutional standing is established, there are also prudential limitations of the court's exercise of jurisdiction. *Id.* One of the prudential standing requirements is that the plaintiffs must assert their own legal rights and interests, and cannot rest their claims to relief on the legal rights or interests of third parties. *Id.* at 540-41 (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975). A similar concept is expressed through the statutory requirement that every action must be prosecuted by the "real party in interest." *See* Fed. R. Civ. P. 17. It is this aspect of prudential standing that defendant Dameer's motion invokes, although not explicitly.

In his motion to dismiss, Dameer does not dispute that New Century (through MERS as its nominee) was the mortgagee nor that the loan is in default. Rather, he argues that DBNTC lacks standing to bring this action because it has no right to enforce the note. Dameer argues that the assignment of the mortgage and transfer of the note to DBNTC were invalid because (1) the note lacked a written endorsement, and (2) the transfer and the assignment did not comport with the requirements of the Pooling and Servicing Agreement (PSA), portions of which are attached to the motion as exhibits. In response, DBNTC argues that (1) its allegations and its attachment of the mortgage and note to the complaint are sufficient evidence of its possession of the note; (2) as a non-holder in possession, it is entitled to enforce the note pursuant to the Illinois

Uniform Commercial Code § 3-301; (3) it is the contractual assignee of the mortgage under the terms of the PSA; and (4) the defendant cannot enforce the PSA because he is neither a party nor a third-party beneficiary to that agreement.

Dameer's first argument, that the purported conveyance of the note was invalid because the note was not endorsed, fails as a matter of law. The note attached to the amended complaint bears no endorsement, but that does not end the inquiry as to whether DBNTC might nevertheless have the right to enforce it.

By its terms, the mortgage is governed by the law of Illinois ("the jurisdiction in which the property is located.") Am. Compl. Ex. 1 ¶ 16. DBNTC points out that under Illinois law, a negotiable instrument can be enforced by a non-holder in possession of the instrument that has the rights of a holder.[1] See 810 ILCS 5/3-301(ii). A non-holder in possession is an entity that "is a successor to the holder or otherwise acquired the holder's rights." 810 ILCS 5/3-301, U.C.C. Comment. The purported holder must show "delivery to it with an interest to pass title." *FDIC v. Linn*, 671 F. Supp. 547, 533 (N.D. Ill. 1987) (applying Illinois law). In this case, DBNTC has provided sufficient evidence that it is a non-holder in possession of the note. For one, DBNTC possessed copies of the mortgage and the note, and attached them to its complaint as required by 735 ILCS 5/15-1504. Second, DBNTC has provided sufficient evidence that it acquired the right to enforce the note from MERS through the assignment. *See Deutsche Bank Nat. Trust Co. v. Tapla,* No. 11 C 4338, 2013 WL 4804855, at * 2 (N.D. Ill. Sep. 9, 2013); *Hardman*, 2013 WL 515432, at *4.

---

[1] DBNTC apparently concedes that, at the time the complaint was filed, it was not, as alleged, "the legal holder of the indebtedness." Under Illinois law, a holder must receive an instrument through negotiation, which requires endorsement. *See* 810 ILCS 5/3-201(a)-(b). This does not affect its standing to the extent that it had the rights of a holder.

The Court questions whether it is even necessary to resort to the UCC law of negotiable instruments generally. "The Foreclosure Law governs the mode of procedure for mortgage foreclosures in Illinois . . . and any inconsistent statutory provisions shall not be applicable." *MERS, Inc. v. Barnes*, 940 N.E. 2d 118, 122 (Ill. App. Ct. 2010) (internal quotation marks and citations omitted). Pursuant to the Foreclosure Law, 735 ILCS 5/15-1101 *et seq.*, "Illinois does not require that a foreclosure be filed by the owner of the note and mortgage"; moreover, "plaintiff can maintain a lawsuit although the beneficial ownership of the note is in another person." *Barnes*, 940 N.E. 2d at 124. The form mortgage foreclosure complaint set forth in the Foreclosure Law (on which the instant complaint obviously is modeled) makes clear that the action may be brought by "the legal holder of the indebtedness, a pledgee, an agent, the trustee under a trust deed or otherwise." *See id.* (quoting 735 ILCS 5/15-1504 (a)(3)(N)). Furthermore, foreclosure is a right of the mortgagee, and under the Foreclosure Law, a "mortgagee" is "(i) the holder of an indebtedness or obligee of a non-monetary obligation secured by a mortgage or *any person designated or authorized to act on behalf of such holder* and (ii) *any person claiming through a mortgagee as successor*." Nothing in Dameer's arguments addresses these aspects of Illinois law or challenges DBNTC's rights under the Foreclosure Law. It would appear, however, that endorsement is not required by any provision of the Foreclosure Law as a prerequisite to the right of foreclosure. The allegations in the complaint and the attached documentation—the mortgage, note, and assignment—suffice to satisfy Illinois law.

Next, Dameer argues that DBNTC lacks standing because the purported assignment of the mortgage and transfer of the note violated the PSA. The PSA, which the Court considers as evidence in this factual challenge to subject-matter jurisdiction, provides for the transfer of mortgage loans from the depositor, Morgan Stanley ABS Capital I Inc., to DBNTC as trustee, as

5

of May 3, 2007. Among the requirements of the PSA is that the depositor deliver "the original mortgage note bearing all intervening endorsements." *See* PSA § 2.01(b)(i), Dkt. # 28, Ex. A at 4. Dameer argues that the "complete chain of endorsements" is lacking, so DBNTC "has no right to enforce the instrument." Mem., Dkt. # 28 at 4-5. Similarly, Dameer contends that the Assignment of Mortgage is defective because it shows a transfer directly from MERS to DBNTC, without the intervening assignments, and because the assignment date is long after the closing date of the PSA. See PSA § 2.01(b)(iii), (b)(vi), Dkt. # 28, Ex. A at 4.

DBNTC addresses these arguments substantively but also contends that it should not have to, as Dameer has no right to enforce the PSA even if the assignment were invalid under its terms. The point is mostly well-taken. Neither Dameer nor Christian, the borrower, were party to the PSA. The mortgage makes clear, in paragraph 20, that the note may be sold without prior notice to the borrower, and that any sales or changes in the loan servicer do not affect the borrower's rights in any way. Any defect in the assignment of the mortgage loans to DBNTC could affect the trustee's rights against other claimed owners of the debt, but it has no effect on the defendants' rights. For that reason, it has been held that borrowers and other third parties do not have standing to enforce the terms of a PSA. *See Hardman*, 2013 WL 515432, at *5-6 (citing cases); *Long v. One West Bank, FSB*, 2011 WL 3796887, at *4 (N.D. Ill. 2011). Indeed, the underlying principle long predates the existence of the financial instruments at issue here. *See, e.g., Hoff v. Dougherty*, 243 Ill. App. 159, 161 (2d Dist. 1927) ("[I]t is a matter of no consequence, so far as the defendant is concerned, who may be the equitable owner of the note if he has no defense to it.").

The principle is subject to an exception: if an assignment is void—not voidable—the mortgagor may defend on that basis. *See Deutsche Bank Nat. Trust Co. v. Adolfo*, 2013 WL

4552407, at * 3 (N.D. Ill. Aug. 28, 2013). But the Court agrees with the *Adolfo* court that under New York law (which governs the PSA), an assignment in contravention of the PSA is merely voidable at the election of parties or beneficiaries to the PSA. *See id.* Dameer does not cite any authority to the effect that the transfer of the note and the assignment of the mortgage were wholly void, such that he may invoke the failure to comply with the PSA's terms as a defense.

\* \* \*

Because DBNTC is the assignee of the mortgagee's rights to enforce the mortgage and note, the Court denies the motion to dismiss for want of standing.

Date: December 4, 2013

John J. Tharp, Jr.
United States District Judge